## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL DINNALL, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant(s). | |

### PRELIMINARY STATEMENT

1.      Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC ("PRA") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

### DEFINITIONS

4.      As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5.      Plaintiff is a natural person, a resident of Bronx County, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6.      PRA maintains a location at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia 23502.

7.      PRA uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8.      PRA is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9.      John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 19(c) Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10.      Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were contacted by the Defendant, in violation of the FDCPA, as described in this Complaint.

11.      This Action is properly maintained as a class action. The Class is initially defined

as:

> All New York consumers that Defendant communicated with
> after receiving a communication from those New York
> Consumers as set forth herein or a similar communication.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

12.      The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a

class action:

    a.  Numerosity: The Class is so numerous that joinder of all members is
impracticable because there are hundreds and/or thousands of persons who
were illegally contacted by the Defendant(s). Plaintiff is complaining that
Defendant engaged in the complained of conduct with at least fifty (50)
persons.

    b.  Commonality: There are questions of law and fact common to the class
members which predominate over questions affecting any individual Class
member.    These common questions of law and fact include, without
limitation:

        i.      Whether the Defendants violated various provisions of the
FDCPA;

        ii.     Whether Plaintiff and the Class have been injured by the
Defendants' conduct;

        iii.    Whether Plaintiff and the Class have sustained damages and are
entitled to restitution as a result of Defendants' wrongdoing and if

so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c.    <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.    <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15.    Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16.    Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17.     At some time prior to October 25, 2021, Plaintiff allegedly incurred a financial obligation to CAPITAL ONE BANK (USA) N.A. ("CAPITAL ONE BANK").

18.     The CAPITAL ONE BANK obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

19.     Plaintiff allegedly incurred the CAPITAL ONE BANK obligation by obtaining goods and services which were primarily for personal, family and household purposes.

20.     The CAPITAL ONE BANK obligation did not arise out of a transaction that was for non-personal use.

21.     The CAPITAL ONE BANK obligation did not arise out of a transaction that was for business use.

22.     The CAPITAL ONE BANK obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     CAPITAL ONE BANK is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24.     At some time prior to October 25, 2021, the CAPITAL ONE BANK obligation was allegedly purchased by and/or sold to PRA.

25.     At the time the CAPITAL ONE BANK obligation was purchased by and/or sold to PRA, the obligation was in default.

26.     Plaintiff caused to be delivered to PRA a letter dated October 25, 2021. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

27.     The October 25, 2021 letter which was sent to PRA in connection with the collection of the CAPITAL ONE BANK obligation stated in part:

> Please be advised that I dispute the above debt.  I also request verification of same.

28.     In response to Plaintiff's October 25, 2021 letter, PRA caused to be delivered to Plaintiff a letter dated November 9, 2021, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit B**, which is fully incorporated herein by reference.

29.     PRA also caused to be delivered to Plaintiff a letter dated January 11, 2022, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit C**, which is fully incorporated herein by reference.

30.     PRA's January 11, 2022 letter advised Plaintiff in part that:

> WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired.

31.     In response to PRA's January 11, 2022 letter, Plaintiff caused to be delivered to PRA a letter dated January 31, 2022 (The letter is erroneously dated January 31, 2021). A copy of said letter is annexed hereto as **Exhibit D**, which is fully incorporated herein by reference.

32.     The January 31, 2022 letter which was sent to PRA in connection with the collection of the CAPITAL ONE BANK obligation stated in part:

> Please be advised that I refuse to make any payment toward the above debt.

33.     15 U.S.C. § 1692c(c) of the FDCPA provides that:

> **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt** or that the consumer wishes the debt collector to cease further communication with the consumer, **the debt collector shall not communicate further with the consumer with respect to such debt**, **except**--

> (1) to advise the consumer that the debt collector's further efforts are being terminated;

    (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or

    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

    If such notice from the consumer is made by mail, notification shall be complete upon receipt. (emphasis added)

34.    By sending the January 31, 2022 letter, Plaintiff expected that PRA would cease further communications with him, except for the 3 exceptions provided by 15 U.S.C. § 1692c(c) of the FDCPA.

35.    Instead, PRA caused to be delivered to Plaintiff a letter dated February 10, 2022, which was addressed to Plaintiff.  A copy of said letter is annexed hereto as **Exhibit E**, which is fully incorporated herein by reference.

36.    The February 10, 2022 letter was sent to Plaintiff in connection with the collection of the CAPITAL ONE BANK obligation.

37.    The February 10, 2022 letter was sent to Plaintiff by PRA after it had received the January 31, 2022 letter that Plaintiff sent to PRA.

38.    The February 10, 2022 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

39.    Upon receipt, Plaintiff read the February 10, 2022 letter.

40.    The February 10, 2022 letter stated in part that:

    This communication is from a debt collector. This communication is made for the limited purpose of responding to your dispute and is NOT an attempt to collect a debt.

41.    Plaintiff's January 31, 2022 letter did not raise any dispute about the CAPITAL ONE BANK obligation.

42.    The February 10, 2022 letter did not state that PRA's further efforts were being terminated.

43.    The February 10, 2022 letter did not state that PRA may invoke specified remedies which are ordinarily invoked by PRA.

44.    The February 10, 2022 letter did not state that PRA intended to invoke a specified remedy.

45.    PRA knew or should have known that its actions violated the FDCPA.

46.    Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

47.    Defendants' conduct and actions violate the FDCPA, by *inter alia*:

    (a)    Continuing to communicate with a consumer with respect to a debt after being advised by the consumer in writing that he or she refused to pay such debt;

    (b)    Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (c)    Using a false representation or deceptive means to collect or attempt to collect a debt.

48.    Defendants have engaged in the complained of conduct with at least 50 natural persons in the state of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

49.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

50.     Defendant violated 15 U.S.C. § 1692c(c) of the FDCPA as described herein.

51.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

52.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with Plaintiff and others similarly situated.

53.     Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

54.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

55.     As described herein, Defendant engaged in a false representation or deceptive means to collect or attempt to collect the debt.

56.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

57.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

58.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

59.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

60.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

61.    Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b)    Awarding Plaintiff and the Class statutory damages;

(c)    Awarding Plaintiff and the Class actual damages;

(d)    Awarding pre-judgment interest;

(e)    Awarding post-judgment interest.

(f)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)    Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: March 8, 2022

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
One Grand Central Plaza
60 East 42nd. Street, 46th Floor
New York, NY 10165
(646) 459-7971 telephone
(646) 459-7973  facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

_s/ Joseph K. Jones_
Joseph K. Jones, Esq.

# EXHIBIT

# A

PAUL DINNALL

████████████████████

██████████████

October 25, 2021

PORTFOLIO RECOVERY ASSOCIATES
120 CORPORATE BLVD., STE 100
NORFOLK, VA 23502-4962

RE:  Paul Dinnall
     Creditor: CAPITAL ONE BANK USA N A
     Alleged Amount Due: $696.00
     Account Number: ██████████55958

Dear Sir or Madam:

Please be advised that I dispute the above debt. I also request verification of same. The verification should include proof of the balance you claim is due, which should include a breakdown of that balance.

I also elect that any claim against me for the above debt be submitted to arbitration rather than court.

Lastly, you are notified to cease all further attempts to reach me via any telephone number you may have.  Any such authorization that you believe you have is hereby revoked. All further communications shall be in writing only.

Sincerely yours,

*Paul Dinnall*

# EXHIBIT

# B



DEPT 952
PO BOX 4115
CONCORD CA 94524

CHANGE SERVICE REQUESTED

PAUL A DINNALL

**Portfolio Recovery Associates, LLC**

Account Number:
Reference:

11/09/2021

Dear PAUL A DINNALL,

In response to your dispute related to the above account, Portfolio Recovery Associates, LLC ("PRA, LLC") has enclosed additional documentation for your review. We have completed our investigation of your dispute concerning this account. PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity.

Sincerely,
Rhonda Harlow
Disputes Department
Telephone: 1-800-772-1413

**Account Details**

Account Number:
Seller: CAPITAL ONE BANK (USA) N.A.
Original Creditor: CAPITAL ONE BANK (USA) N.A.
Original Account Number:
Current Creditor: PORTFOLIO RECOVERY ASSOCIATES, LLC
Balance: $698.16

**Contact Us**

Online:
www.portfoliorecovery.com

By Phone:
Call 1-800-772-1413

By Mail:
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 Corporate Boulevard
Norfolk VA 23502

This communication is from a debt collector but is not an attempt to collect a debt.

Notice: See Reverse Side for Important Information

# EXHIBIT

# C



DEPT 922
PO BOX 4115
CONCORD CA 94524

# Portfolio Recovery Associates, LLC

Account Number: ███████████
Reference Number: ███████

CHANGE SERVICE REQUESTED

 իիիդ֊իդԿիիֈֈ֊դիֈֈ֊դիiֈ֊դiֈֈ֊դիiֈiֈ֊դiil֊ijiiifil

PAUL A DINNALL
████████████████

01/11/2022

Dear PAUL A DINNALL,

In response to your dispute related to the above account, Portfolio Recovery Associates, LLC ("PRA, LLC") has enclosed additional documentation for your review. We have completed our investigation of your dispute concerning this account. PRA, LLC has obtained and reviewed the attached documents related to this account, which establish its validity.

Sincerely,
Lydia C Turner
Disputes Department
Telephone: 1-800-772-1413

## Account Details

Account Number: ███████████
Seller: CAPITAL ONE BANK (USA) N.A.
Original Creditor: CAPITAL ONE BANK (USA) N.A.
Original Account Number: ██████████████
Current Creditor: PORTFOLIO RECOVERY ASSOCIATES, LLC
Balance: $696.16

## Contact Us

Online:
www.portfoliorecovery.com

By Phone:
Call 1-800-772-1413

By Mail:
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 Corporate Boulevard
Norfolk VA 23502

WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT. The legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.

This communication is from a debt collector but is not an attempt to collect a debt.

Notice: See Reverse Side for Important Information

1913926322

# EXHIBIT

# D

PAUL DINNALL

████████████████

████████████

January 31, 2021

PORTFOLIO RECOVERY ASSOCIATES
120 CORPORATE BLVD., STE 100
NORFOLK, VA 23502-4962

      RE:    Paul Dinnall
             Creditor: CAPITAL ONE BANK
             Account Number: ██████55958
             Alleged Amount Due: $696.16

Dear Sir or Madam:

    Please be advised that I refuse to make any payment toward the above debt.

    I also elect that any claim against me for the above debt be submitted to arbitration rather than court.

                Sincerely yours,

                *Paul Dinnall*

# EXHIBIT

# E



# Portfolio Recovery Associates, LLC

## Account Details

Date: 02/10/2022
Account Number:
Seller: CAPITAL ONE BANK (USA) N.A.
Original Creditor: CAPITAL ONE BANK (USA) N.A.
Original Account Number:
Current Creditor: PORTFOLIO RECOVERY ASSOCIATES, LLC
Balance: $696.16

### Contact Us

☐ Online:
www.portfoliorecovery.com

☎ By Phone:
Call 1-800-772-1413

✉ By Mail:
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 Corporate Boulevard
Norfolk, VA 23502

Dear PAUL A DINNALL,

Re: Dispute Investigation

In our previous letter to you, we requested that you send our company additional information pertaining to the account referenced above so that the Disputes Department could complete the investigation of the alleged dispute.

To date, we have not received this information and cannot complete the investigation.

Since we have not received this information, we are terminating the disputes investigation pertaining to this account.

Please contact us at 1-800-772-1413 should you have any questions about this account.

Sincerely,
Alaina K Coobs
Disputes Department
Telephone: 1-800-772-1413

**WE ARE REQUIRED BY LAW TO GIVE YOU THE FOLLOWING INFORMATION ABOUT THIS DEBT.** This legal time limit (statute of limitations) for suing you to collect this debt has expired. However, if somebody sues you anyway to try to make you pay this debt, court rules REQUIRE YOU to tell the court that the statute of limitations has expired to prevent the creditor from obtaining a judgment. Even though the statute of limitations has expired, you may CHOOSE to make payments. However, BE AWARE: if you make a payment, the creditor's right to sue you to make you pay the entire debt may START AGAIN.

**This communication is from a debt collector. This communication is made for the limited purpose of responding to your dispute and is NOT an attempt to collect a debt.**

Notice: See Reverse Side for Important Information

D12

CHANGE SERVICE REQUESTED

PAUL A DINNALL

DEPT. 922
PO BOX 4115
CONCORD CA 94524

Account Number:
Reference Number:

PORTFOLIO RECOVERY ASSOCIATES, LLC
P.O. Box 12914
Norfolk, VA 23541